# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50777
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS MANUEL RODRIGUEZ-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-510

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jesus Manuel Rodriguez-Flores was convicted of illegal reentry into the United States and was sentenced to serve 24 months in prison. In this appeal, he contends that his sentence is substantively unreasonable and greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors.

As Rodriguez-Flores acknowledges, his arguments are reviewed for plain error due to his failure to object to his sentence in the district court. *See United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50777

*States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).    To establish plain error, Rodriguez-Flores must show that the district court committed a clear or obvious error that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Even if he does so, this court will correct the error only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id*.  He has not met this standard.

Initially, Rodriguez-Flores urges this court not to apply the presumption of reasonableness to his sentence because the applicable guideline, U.S.S.G. § 2L1.2, lacks an empirical basis.  He correctly concedes that this court has rejected his argument, which he raises to preserve for further review.  *See Mondragon-Santiago*, 564 F.3d at 366-67.

Next, Rodriguez-Flores contends that the district court's application of the illegal reentry guideline resulted in a sentence that was too harsh because the guideline increased his offense level based on a temporally remote conviction that was expunged.  He further asserts that his sentence was unreasonably harsh because his offense was a nonviolent international trespass.  Too, he believes that his cultural assimilation warranted a below-guidelines sentence.  Finally, he contends that a downward variance was warranted because his return to this country was motivated by benign reasons.  These arguments amount to little more than a disagreement with the sentence imposed, which does not suffice to show error.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  The judgment of the district court is AFFIRMED.